Good morning, your honors. Thank you. May it please the court. My name is Matthew Kida on behalf of plaintiff appellant Marie Thornton. I have two distinguished colleagues on the other side that are splitting time, so I'd like to do my best to leave five minutes for rebuttal given the nature of the case. I know that the court is familiar with the facts. I'm not going to go through those. This court should reverse the district court's finding that it lacked jurisdiction to consider the claims against the United States because it errantly attempted to use California's recreational use statute as a defense to a claim that occurred on property it doesn't own. And it respectfully submitted that it should not have dismissed the claims against the city for failure to state a claim, and instead it should have considered the merits of the equitable tolling doctrine on summary judgment. Now, I'm going to address the claims against the United States first because I think we all acknowledge if this court affirms the judgment against the United States, there's no basis for supplemental jurisdiction against the city. So I'll begin there with your permission. I think the court's focus has to be on the language in the complaint, and can that complaint be construed as saying that the plaintiff was injured by a fence that was owned and erected by the city that had fallen on, excuse me, owned and erected by the United States that had fallen onto property owned by the city, and that the injury happened on property owned by the city. I realize that the complaint is phrased with and ors throughout. There's nothing prohibiting that. And in fact, the district court also, I believe, erred when it invoked Rule 11, suggesting that not enough research had been done in terms of the nature of our claims as if we didn't do our absolute best to make sure that we were alleging absolutely everything that we know at the time. As this court is aware, this claim started in San Francisco Superior Court in a claim against the city, and after its witnesses pointed at the United States as the party that had erected and maintained and failed to maintain the fence, realizing that we could not sue the United States in state court, attempted to consolidate the actions in federal court. And again, the city said you already have one case going on, you can't have two, and the United States says that you can't sue us at all. But the statute that they're relying on, which is Section accidents or incidents that happen as a result of recreational use. One, which is subsection A of that statute, is when the accident actually happens on their property. And if this court can construe plaintiff's allegations as saying that it didn't happen on their property, subsection A is out the window. Well, why? I mean, the fence is their property. The accident, the specific language of the statute, and the Supreme Court's answer in Klein, when answering a certified question from this court, says that the party asserting that affirmative defense has to have a possessory interest in the land. And that's an important distinguishing factor in Klein, because in Klein, a party was hit by a car that was driven by a government employee. And the United States took the position that this recreational immunity statute has to be interpreted exceptionally broadly. And in Klein, the California Supreme Court said, wait a minute, all of the language in subsection A arises out of ‑‑ it uses premises liability language. It talks about invitees and licensees and advance warning, none of which are elements of a cause of action for general negligence. And if the cause of action that I'm asking the court to look at here, which I believe is our sole viable claim against the United States, is for negligent maintenance of adjacent property. And under 17 ‑‑ Well, go back to my question. The fence is United States property. And ‑‑ And that's what you contend caused the injury. We're contending the United States ‑‑ the fence owned by the United States was on property owned by the city. Still owned by the ‑‑ the fence is still owned by the United States? You're trying to hold ‑‑ and you're not saying any fence that happened to be on the city property, you're saying the United States government is responsible for this fence because it's its fence and it failed to maintain its fence. Still its fence. My understanding, Your Honor, is that it has to be a real property interest, not just simply ‑‑ That may be your understanding, but what is that based on? And factually, I'm not sure that the fence isn't a real property interest. The whole reason for saying it's the responsibility of the United States is that it started on the United States property. The United States didn't push it over and decide to build a fence on the city's property. Well, Your Honor, we're alleging that the lack of maintenance by the United States allowed it to fall and become decrepit and then land it on the city's property, and then they failed to act as a reasonable person and remove it. And why is the United States responsible for the fence? Because it's theirs. Yeah, that's it. It's theirs. It's their property. If Klein still has application, and I think the language of Klein is clear, that you have to ‑‑ the injury has to occur on the property by the defendant asserting the defense, and that's in 846A. And if this Court disagrees with me on that, I will concede that is our argument. 846A requires the injury to happen on the property of the party asserting the defense. I think the problem here that I struggle with is Klein was different facts. Here we have California law defines the fence or a fence as real property. And then we have the statute that applies to real property. And I understand you're saying that's conditioned on the premises, but we have a very unusual facts situation in which, you know, we have real property that is allegedly now falling onto someone else's real property. I think ‑‑ And that's not really what happened with that issue in Klein. Exactly. It was a motor vehicle collision. Correct. And ‑‑ So there was not real property of the United States on real property of another. I think if 1714 is going to have any application, that's the statute that says that you can be liable as an ‑‑ you have a duty to behave negligently with respect to your own real property. And if that statute is to have any force in effect, it means that you can be liable if you don't take care of your own property such that it injures people on somebody else's property or injures somebody else's property itself. But you would agree if this case were about the fence falling on Federal Government property, you have no claim? Absolutely. What we're asking this court to do is construe the complaint to say ‑‑ But that's because of the recreational immunity. And so let me give you a separate ‑‑ suppose there are negligent conditions on Federal property and State property alongside each other, but, you know, no known boundary. If someone is using that land recreationally either way, doesn't the recreational immunity still apply? Your Honor, respectfully, no. And I think that's where we disagree the most with obviously our opposing party's brief and the district court's analysis. We're suggesting that regardless of whether the plaintiff was engaging in recreational activity, if she was not injured on the property, the physical real property owned by the party asserting the defense, in this case the United States, it doesn't matter. The recreational use statute is an exception to the standard duty to use reasonable care to maintain your own premises. I mean, this is the only fact scenario, because I think if the recreational use immunity would apply if it was the California or State land and State fence and it would apply if it was U.S. property and U.S. fence, and you're saying it only does not apply because it was plausible to allege that it was State land and U.S. fence, that's basically the only fact scenario which the recreational use would not apply.  Yes. And if I had a bulletproof case, if this happened all the time, it would have let off my argument with that for obvious reasons. So why, if at the end of the day there's a recreational purpose, however someone is going across properties or climbing fences or what have you, why doesn't that exception end the negligence discussion? I think that goes back, Your Honor, to the purpose of this statute in the first place, which was we want to interpret it in a manner that encourages people to open their land for recreational use. So how is your view consistent with that purpose? By giving the United States the benefit of this immunity statute when it failed to maintain its property such that people were injured on somebody else's recreational purpose. Well, you said it would be okay if the fence had fallen one direction and not okay if the fence falls in the other direction. I don't understand any logic as to why the California legislature would decide to draw a distinction like that. And, Your Honor, I don't, I can't speak to why the California legislature chose those words or why the Supreme Court did it. Well, you haven't really pointed to words. I mean, the statute could say, but doesn't. This applies only when the incident occurs on the land, real property, owned by the landowner. It doesn't say anything like that. So, and if there's not logic in the distinction, I'm struggling as to why we should draw it. If the language of the statute, and I always tend to speed up when I read, so forgive me in advance. An owner of an estate or any other interest in real property, possessory or nonpossessory, owes no duty of care to keep the premises safe for entry or use by others. The premises, by the person with the possessory interest in real property. If we're talking about a thing, a chattel, a fence, whatever, that you own that's on somebody else's property, that's not covered by 846A. Why not? Because the law is held. Point to me language that says why it's not covered. Your Honor, respectfully, I think that's what I just said, but I don't want to. Yeah, well, then maybe it's not very persuasive. If you agree there's not logic in believing that the legislature would care which way the fence fell, either way you're talking about the responsibility of the landowner to maintain the fence. And I don't understand why it is the immunity provided by whatever the number of the statute is, 846, wouldn't extend to recreational use generally. And, indeed, the statute says keep the premises safe for entry or use by others. If she's entering the property, that doesn't seem to draw a hard line at the property boundary. And if the fence is the fence of the United States, I don't see how the language of the statute carves your client's claim out of the general immunity provided by the statute. If I may, Your Honor, with respect, may I briefly address my claims against the city and think for a moment while they're speaking and then address your point on my rebuttal just so I don't— Briefly and reserve the rest of your time for rebuttal. Should this court conclude that the United States should not have been dismissed for lack of jurisdiction, we ask this court to consider the factors of the equitable tolling doctrine and conclude that the district court erred in one of two ways. One, by saying that this should be adjudicated as a 12B6 motion as opposed to a 56 motion, a summary judgment where both sides could give evidence about their intent and the basis for how the suit came forward. At the very least, we ask this court to modify the trial court's judgment to say that the dismissal against the city, in favor of the city, is not with prejudice. And the reason for that is very important. As the district court acknowledged, there's parallel litigation going on against the city in San Francisco State Court. Well, a dismissal for lack of supplemental jurisdiction is inherently without prejudice. If that's a clarification you want, I don't think that's going to be a problem. I don't want to talk you out of that answer, Your Honor. I can answer without prejudice. Thank you, Your Honor. I'll give you three minutes on rebuttal. Good morning, Your Honors, and may it please the Court. Doug Johns for the United States of America. As the Court just acknowledged, the United States has an interest in the fence. And once the United States has an interest in the fence, Section 846 applies, 846 subsection A, and that precludes the plaintiff's claims for lack of subject matter jurisdiction. This was the analysis that the district court reached correctly, and it's why the order of the district court should be affirmed. In enacting Section 846, the California legislature sought to encourage the broad use of recreational land for private landowners. And Section 846 has been interpreted broadly throughout its history to make sure that land can be used for recreational use. In Klein, the California Supreme Court talked about the types of claims that 846 is supposed to protect or immunize against. And those claims are property-based claims or premises-based claims. And in this case, the only claims that are being issued or alleged against the United States are property-based claims. And you'll see in the plaintiff's complaint that there are claims relating to warning against this dangerous fence or maintaining the dangerous fence that has allegedly fallen over. Now, in the plaintiff's complaint, there are two different theories that are alleged, and Section 846 precludes both of those theories. The first is if the United States owns the land at issue. If the United States owns the land at issue, Section 846 plainly applies and the claims were correctly dismissed. If the United States is an adjacent landowner, such that its improvements or structures fell onto the land of another party, taking those allegations as they in that fence akin to an easement or a permit or a license. And so whether the United States is in a... Counsel, does that depend on whether the adjacent land is being used for a recreational purpose? It does, yes. So if it's not being used for a recreational purpose, the adjacent land at least, then we're in a different situation. Oh, I apologize. I misunderstood the question. No, it doesn't. And the important clarification here is the premises. And something that Mr. Keeter reads into the statute is their property. But 846 doesn't talk about their property. It's not in the possessive. Instead, it just refers to the premises. And so an owner of any interest in real property, whether possessory or non-possessory, owes no duty of care to keep the premises safe. So it would not matter if the recreational use was necessarily or not necessarily done on the adjacent land. Well, it does matter what the injured party's use was. I mean, in this case, the San Francisco property was a golf course. But if the person who was injured, I'll kind of make this up on the fly, was a lineman for the electric company because there were buried cables there and his use of the property was not recreational, that could speak to the application of the statute generally. But that's not an issue here. There's not a dispute, at least to us, as to whether plaintiff's use was recreational. So in that sense, if I heard Judge Sanchez's question in a different way than you did, recreational use would still be at issue, but it's not issue here because plaintiff was using it recreationally. That's right. And that's what the district court found in the United States factual attack, that the plaintiff was using the land for recreational use. She was on an activity to take pictures at the Legion of Honor. And these were facts that the district court considered in concluding correctly that the plaintiff was engaged in a recreational activity. And so once we have recreational use and a possessory, non-possessory or really any other interest under the statute in real property, then the statute applies. And that's what the district court concluded and that's why the dismissal should be affirmed. There's been a lot of arguing over what the term, the premises, mean. Do you know of any cases or statutory definitions regarding that particular term? I do, Your Honor. There's an older definition in older cases that are not cited in either brief where the premises is defined as land suitable for recreational use. California has since abolished the suitability distinction and instead now uses really any land for recreational use. And so the premises, I think a fair definition under the California law is land available for recreational use. And using that definition would encourage or promote the intent of the California legislature in encouraging landowners to use their land for recreational activities and not giving the premises an obscure or technical definition to make sure that that land wasn't used. But land suitable for recreational use was defined at one point in time, but now California no longer uses suitability. Briefly, Mr. Kida brought up California's general negligence statute, Section 1714. Section 846 is an exception to 1714. And so even if there is a common negligence claim, Section 846 would preclude those claims and the entity being alleged to be negligent wouldn't have a duty of care under Section 846. The California legislature was careful in the types of words and phrasing that it used. It certainly could have narrowed Section 846A in a way that made it more narrower, and that's not the intent that it did. Instead, it used a broad definition to promote recreational use and make sure that it's interpreted broadly. If there are no further questions. We're happy to take time back. This Court should affirm the order of the District Court. Thank you, Your Honors. Good morning, Your Honors, and may it please the Court. David Lauk for the San Francisco City Attorney's Office on behalf of the city and county of San Francisco. At bottom, the District Court's dismissal of plaintiff's claim against the city was not in error. And the only question here is the proper disposition of this appeal. As Judge Clifton referenced earlier, if this Court were to affirm dismissal of the claim against the United States on the FTCA cause of action, then it should vacate the District Court's order and remand with instructions to dismiss without prejudice under Rule 12H3 for lack of subject matter jurisdiction. However, if this Court reverses and reinstates the FTCA claim, then it should affirm dismissal under Rule 12B6 for three reasons. First, it's uncontested that the statute of limitations had run a year and a half before plaintiff filed her claim in federal court. Second, the District Court did not abuse its discretion in declining to equitably toll plaintiff's claim. Plaintiff had adequate notice and filed her state court claim on time, and the plaintiff cites no case to support what she's seeking here. The California Supreme Court has explained that the equitable tolling doctrine serves the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits. Here, this is not an issue, and as the city's motion to take judicial notice indicates, this nearly four-year-long state court proceeding is still ongoing. After extensive discovery and deposition-taking, plaintiff's claim survived summary judgment, and the parties are now preparing to go to trial very soon, in February of 2025. Is that what we're supposed to do? I mean, I've got the motion for judicial notice. Is that what we're supposed to take from the motion, that in fact the day in court we'll be there, it will simply, if we wind up ruling in the United States' favor, it will be in superior court rather than U.S. District Court? That's correct, Your Honor. We just wanted to make sure to assure you that plaintiff's claim is still ongoing in state court. Nothing has changed in terms of the status of those proceedings. And finally, I just want to address the claim preclusion issue that Appellant raised for the first time in her reply brief at 23. She suggested that a district court's dismissal with prejudice would have claim-preclusive effects on her state court claim. I think she's waived that argument because she would have been fully aware that it was a potential issue at the time of her appeal, and she failed to raise it in her opening brief. And as a result, the city didn't have the opportunity to brief a response, but I'm happy to provide you with one now, because in any case that contention is incorrect. The U.S. Supreme Court and Semtec International v. Lockheed Martin has held that the court should look to the law of the other forum to determine any claim-preclusive effect of a dismissal under Rule 41B. Now, under California law, a judgment is not final in a race judicata sense if the substance of the claim or issue was not tried and determined in the first case. That means dismissal on timing-related affirmative defenses, such as expiration of the forum's limitation period, has no claim-preclusive effect on the second case. And thus, the district court's dismissal with prejudice here will have no claim-preclusive effect on her ongoing state claim. I'm happy to talk about that more if you want, and unless you have further questions, happy to submit my time. Would there be any dismissal with prejudice? I mean, I'm not sure what is it might be if the United States is dismissed because it's not liable. That's a dismissal with prejudice as to the United States. That's right. But you're not contending that that should be – that the city should be a beneficiary in any case? No, no. In the first circumstance, as I said, that you should vacate and remand with instructions to dismiss without prejudice under Rule 12H3 for lack of subject matter jurisdiction. That's correct. Okay. All right. No further questions. Thank you. Thank you. I'll let you say what you want to, but let me be clear. Do you oppose the motion for judicial notice? Do not oppose the motion for judicial notice.  And to the extent my opposing counsel made excellent arguments for my claims not being dismissed with prejudice, I'm glad you record these. Yes, indeed. We'll go with that. I would like to focus the Court's attention on this particular paragraph from Klein, which, candidly, is the heart of the case. Section 846 sets forth two elements as a precondition to immunity. The injury must occur on land in which the defendant owns an interest of – owns an interest, possessory or nonpossessory. It has to occur on land. That's the California Supreme Court answer. Well, but that wasn't really the issue there. And so the language may have been used, but I've got no reason to think that they're deciding the question teed up for us here, which is which side of the line did the fence fall on. So do you have anything to suggest why Klein was trying to speak to the issue that we have to decide? The court in Klein was trying to explain why a motor vehicle accident operated by a Federal employee doesn't fall within the recreational use statute. And it dissected the language in Klein to say that what the legislature was talking about was premises liability claims against the owner. But if we – Klein, as you acknowledge, was not dealing with facts that are materially similar to this. And arguably the court was using the term land as shorthand for real property. That would be one way at least to read Klein. And then what we have here is California is very clear that real property includes the improvements on real property like fences. To the extent this court wants to construe the paragraph that I just read as meaning something other than what it said, simply because the facts of Klein were different, I certainly wouldn't oppose this court's own motion to certify the question to the California Supreme Court to see if that's what they actually meant or if they did intend to say that it only involves the land – only the landowner can assert the defense if their chattels fall onto the property of somebody else and cause damage to somebody else. That's not the kind of thing we were trying to attack. Another way to look at this would be at the moment that our client is stepping on the fence, which under California law is the real property of the United States. She is on the real property of the United States. And Klein would be – that would be entirely consistent with Klein. And, again, because Klein used the words on land, that's why we're here, Your Honor. So you're saying land means land, not real property? Exactly. I have eight seconds left. Can I briefly address the equitable tolling argument in the event you find, I guess, the United States? There is no desire by the plaintiffs to have two cases being litigated in two different courts at the same time. The purpose of suing the federal government in federal court is because we can't be sued in state court. And, obviously, if this court were to conclude that it had jurisdiction over the United States and supplemental jurisdiction over the city, the litigation would shift to this forum. There's no desire to game the system or get one ruling somewhere else. At the end of the day, the reason this battle has been going on for four years is because the city has been pointing at the United States, who has been determined to not have jurisdiction, and, therefore, our inquiries as to who owns the fence, how it got there, anything related to the negligence claims that may exist, we haven't been able to get. And it is for those reasons, about the intent of the plaintiffs in bringing this in the first place. That's an equitable defense that requires some consideration of evidence. And a Rule 56 forum, we respectfully submit, would have been more appropriate than a 12b-6. And language suggesting, in the district court's opinion, suggesting that this was done for an improper purpose or to game the system, we respectfully disagree and ask this court to fashion the appropriate remedy. Thank you for your time. Thank you, counsel, for your helpful arguments. This matter is submitted. And I believe we are adjourned for the day, for the week.
judges: CLIFTON, SUNG, SANCHEZ